Turkey, J.,
delivered the opinion of the Court.
There is no equity in the bill.
The facts, as shown by the bill, are: Levi J. Squires, after having made his will, died in March, I860.' At the April Term, 1860, of the County Court for Smith county, complainant qualified as executor of the will. On the 28th of June, 1861, Samuel Allison, Executor of the will of G. L. House, obtained a judgment against complainant as executor, before a Justice of the Peace, for the sum of two hundred and seventy-eight dollars and *566 ninety-eight cents, besides costs, which was stayed by defendant, Thomas J. Slaughter. At the time of the rendition of the judgment, the assets of the estate of Squires were sufficient to pay all its liabilities; but subsequently, by the casualties of war, the estate became insolvent. In March, 1866, complainant filed his bill in the County Court, suggesting and alleging such insolvency, praying to sell land, &c.
From the judgment before the magistrate an execution issued against Slaughter, which he, on the 24th of March, 1866, transferred to the Circuit Court by writs of certiorari and supersedeas. His petition was dismissed and judgment rendered there against him and his sureties, which he paid.
On the 2d of August, 1866, he obtained judgment by motion before a Justice of the Peace against complainant, who filed his petition for writs of certiorari and superse-deas, which is still pending in the Circuit Court. Complainant then filed this bill to enjoin the proceeding at law and to be relieved from liability on account of the Allison judgment, insisting that Slaughter must take his pro rata, under the decree of the County Court, settling the insolvent estate of Squires.
These facts prove complainant to have been guilty of waste in the administration of the estate of his testator; it was his duty to have paid the debt while the estate was solvent. No excuse is given for not doing so; by his laches he has made himself personally responsible to Slaughter.
The decree of the Chancellor dismissing his bill is affirmed.